UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TANGEE LEWIS,

    *Plaintiff*,

v.

US FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-03588 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Tangee Lewis's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court grants the application and, for the reasons discussed below, dismisses the Complaint without prejudice. Plaintiff's other motions, *see* ECF Nos. 3–5, 10, are denied without prejudice as moot.

Lewis alleges that she and her minor son were abducted from Canada and transported to Vermont in 2023. *See* Compl. at 5 (page numbers designated by CM/ECF). She further alleges that her son has experienced "extreme abuse" and "unthinkable acts at the mercy of adult predators." *Id*. at 5–6. Plaintiff alleges that she sought entry into the main offices of the U.S. Department of Justice, the Federal Bureau of Investigation, and the U.S. Department of State for the purpose of reporting her son's abduction and requesting assistance to locate him. *See id*. at 5–6. In this action, Lewis requests a court order directing those government agencies "to start investigations of the search, rescue and return of [her] son and [her] other child[.]" *Id*. at 7.

The Court understands Lewis to demand, essentially, mandamus relief. But "mandamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C.

Cir. 2005) (en banc) (citations omitted). "A court may grant mandamus relief only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (citation omitted). Because the "three threshold requirements are jurisdictional," a petition failing to meet each requirement must be dismissed for lack of jurisdiction. *Id*.

Here, Lewis cannot establish that she is entitled to the investigation she demands or that the Government has a clear duty to conduct one. The decision to investigate a matter, or not, is discretionary, and the Court cannot compel a discretionary act. *See Patterson v. Harris*, No. 22-cv-0697, 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022) (denying mandamus where "Petitioner has not indicated any basis from which the Court can conclude that the Department of Justice owes her a nondiscretionary duty to investigate the allegations in her civil rights complaint"); *Lovoi v. U.S. Dep't of Justice*, 679 F. Supp. 2d 12, 14 (D.D.C. 2010) (denying "call for a court-ordered investigation to be initiated by the Department of Justice," construed as "a request for a writ of mandamus," because "mandamus cannot be issued to compel discretionary acts like an executive agency's decision to initiate an investigation"). For that reason, the Court must dismiss Lewis's suit. A separate Order will issue contemporaneously.

DATE: November 5, 2025

_____
CARL J. NICHOLS
United States District Judge